**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BERNARD COLEMAN,** | : |
|     Petitioner | :    **CIVIL ACTION NO. 3:04-1753** |
| v. | :    **(CONABOY, D.J.)** |
| |    **(MANNION, M.J.)** |
| **JOSEPH SMITH, Warden,** | : |
|     Respondent | : |

## REPORT AND RECOMMENDATION

Bernard Coleman, a District of Columbia offender in the custody of the United States Bureau of Prisons, currently confined at the United States Penitentiary at Lewisburg, Pennsylvania, ("USP-Lewisburg") filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 10, 2004. (Doc. No. 1). The petition challenges the sentence imposed by the District of Columbia Superior Court.

After being granted an extension of time in which to do so, the respondents filed a response to the petition on October 28, 2004. (Doc. No. 12). The petitioner filed a reply to the response on November 23, 2004. (Doc. No. 13). The petitioner believes that the indictment which resulted in his conviction was defective, and that his efforts to have this matter reviewed by the District of Columbia Court of Appeals was constitutionally flawed.

## I. BACKGROUND

The following procedural history, taken largely from a Memorandum and

Opinion of the District of Columbia Court of Appeals in this matter dated April 23, 2003, is filed as an Exhibit to the Respondents' Response. (Doc. No. 12, Ex. 1).

On June 29, 1997, seven year old Dennis Ashton, Jr. was shot to death while riding in a car driven by Dennis Ashton, Sr. The petitioner ("Coleman") pled guilty to manslaughter while armed and carrying a pistol without a license, for the killing of Ashton, Jr. Petitioner admitted that he drove the car while co-defendant Charles Fantroy shot several times into Ashton Sr.'s car. Coleman was sentenced to 15 years to life incarceration for his conviction for manslaughter while armed, and 20 months to 5 years for his conviction for carrying a pistol without a license.

Coleman filed a motion to vacate the sentence pursuant to D.C. Code 23-110(a), claiming that the sentence was illegal.  The motion to vacate (referred to by the petitioner as his "Motion to Recall Mandate") was denied and Coleman filed a timely appeal in the District of Columbia Court of Appeals, filed at No. 02-CO-727.

In his appeal Coleman argued that the sentence was illegal for several reasons: (1) he claimed he was sentenced to a term of up to life when the statute he was convicted under, D.C. Code 22-2105 (2001)(formerly 22-2405) provides for only up to 30 years incarceration; (2) the sentence violated D.C. Code 24-403(2001)(formerly 24-203) which requires that a minimum term be no more than one-third of the term of a maximum sentence; (3) the

sentence imposed by the court did not provide credit for the time Coleman had already served in jail before being sentenced, and (4) enhancing the sentence without making factual findings by a jury violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

In denying the motion the District of Columbia Court of Appeals stated, in pertinent part:

> ...Appellant was convicted of manslaughter while armed and, according to D.C. Code § 22-4502(a)(1)(2001), when a defendant is convicted of a violent crime while armed, the sentence may be enhanced up to life imprisonment...

> ...As for Appellant's claim that D.C. Code § 24-403(formerly 24-203) requires that a minimum sentence not exceed one-third of the maximum sentence, the statute also states "[w]here the maximum sentence imposed is life imprisonment, a minimum sentence shall be imposed which shall not exceed 15 years imprisonment." Therefore, appellant's minimum sentence of 15 years is consistent with the statute.

> ...Furthermore, according to appellant's official BOP sentence calculation sheet, appellant has already been accorded credit for the time he served in prison prior to sentencing. Thus, regardless of the form of the Judgment and Commitment Order, the government in fact has acted in appellant's favor ...

> ...[I]n this case *Apprendi* is not applicable because the appellant pled guilty and thus waived a jury trial. Therefore appellant's *Apprendi* argument has no merit.

(Doc. No. 12, Ex. 1)(internal citations omitted)(emphasis in original).

## II. **DISCUSSION**

This court has undertaken a paragraph-by-paragraph review of the petition in order to determine the petitioner's claims. It is a 57-page largely incomprehensible, amalgam of string-citations, interwoven with what the court interprets as autobiographical material pertaining to the underlying criminal proceedings. As best can be gleaned from the pleading, however, the petitioner argues, among other claims, ineffective assistance of plea and appellate counsel, due process and equal protection challenges, and that his sentence is illegal. The petitioner believes that the indictment brought against him was duplicative, and as a result his sentence was enhanced. The petitioner argues:

> The joining of Title 22-D.C. Code 3202(a)(1), with Title 22 D.C. Code 2405, as a lesser included offense of (First Degree Murder) contravenes–Article 1, Section 8 Clause 17 of the Constitution, and Legislation–Title 23-311 D.C. Code, and the Federal Constitution mandates [such]...
>
> …May 20, 2002, Judge Shuker, denied Defendant/Petitioner Bernard Coleman, Motion to vacate..."SUA SPONTE" without, causing notice to be served upon the prosecuting authority, and without a hearing; and without developing the Superior Court Plea and Sentencing...Transcripts, and without developing live testimony...

(Doc. No. 1, pp. 19, 25).

The respondents reply that the petitioner cannot challenge his D.C. Superior Court sentencing in a § 2241 proceeding in this jurisdiction.

Because the petitioner challenges a sentence imposed by the District

4

of Columbia Superior Court his instant habeas corpus petition is improper in this court. He must pursue his claims in the District of Columbia Superior Court. This issue was addressed by the United States District Court for the District of Columbia in the case of Perkins v. Henderson, 881 F. Supp. 55 (D.D.C. 1995). There the Court stated:

> The unique status of the District of Columbia precludes nearly all federal post-conviction review of District of Columbia Superior Court criminal convictions...Since prisoners sentenced in the Superior Court and incarcerated in District of Columbia facilities are not considered "state" offenders or prisoners in state custody, they may not seek federal habeas corpus relief under 28 U.S.C. § 2254...And because they are not "federal" offenders, prisoners sentenced in the Superior Court may not file motions to vacate, set aside or correct their sentences under 28 U.S.C. § 2252...The federal habeas corpus and post conviction review that is available to District of Columbia prisoners is, in turn, limited by D.C. Code §§16-1901 and 23-110, which were enacted as part of the District of Columbia Court Reform and Criminal Procedure Act of 1970...D.C. Code 23-110 vests subject matter jurisdiction to entertain collateral attacks upon Superior Court sentences in that court. Thus, prisoners serving sentences imposed by the Superior Court must file motions challenging their sentences in that court; federal courts are generally without jurisdiction to entertain motions to vacate, set aside, or correct a sentence imposed by the District of Columbia Superior Court.

Henderson, 881 F. Supp. At 56-58. See also, Williams v. USA 3:cv-01-1294 (MDPA 6/27/02) (Nealon, J.); Ibrahim v. Pugh 4:cv-03-999 (MDPA 5/17/05) (Muir, J.); Anderson v. Pugh 4:cv-04-54 (MDPA 5/17/05) (Muir, J.)

There is no indication that the petitioner has filed a motion pursuant to D.C. Code 23-110 in the D.C. Superior Court in which he raises the precise claims raised in the present habeas corpus petition. While it is evident that

he did file a post-sentence motion to vacate or set aside the sentence, there is no indication that he has attempted to bring his ineffective assistance of counsel, due process or equal protection claims in that court.

The petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241.  He offers no statement of jurisdiction, or otherwise attempts to explain to this court why he seeks jurisdiction pursuant to 28. U.S.C. § 2241. D.C. Code 23-110 provides that District of Columbia offenders are precluded from bringing habeas claims in federal courts unless the local remedy is inadequate or ineffective. D.C. Code Ann. § 23-110(g); *See also* Garris v. Lindsay, 794 F.2d 722, 725 (D.C. Cir. 1986).  The determination of whether the remedy available is inadequate or ineffective hinges on the same considerations enabling federal prisoners to seek habeas review pursuant to 28 U.S.C. § 2255.  28 U.S.C. § 2255 and D.C. Code § 23-110 are coextensive. Garris, 794 F.2d at 727.

The usual avenue for federal prisoners seeking to challenge the legality of their confinement is a § 2255 motion in the sentencing court. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). In general, a § 2255 motion "supercedes habeas corpus and provides the exclusive remedy" to inmates confined pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.), *cert. denied*, 409 U.S. 1046 (1972). It has been held that a § 2241 petition is not an alternative, additional or supplemental remedy to a § 2255 petition. Brown v. Mendez, 167 F. Supp.2d 723 (M.D.Pa.

2001)(citing Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)).

Part of the congressional intent in enacting the AEDPA was to recognize a strong interest in the finality of criminal convictions in order to conserve judicial resources. *See* In re Turner, 267 F.3d 225 (3d Cir. 2001). As a result, there are certain "gatekeeping" restrictions to bringing a § 2255 habeas corpus petition. For example, there are certain time limitations in which to bring a petition, and there are limits on the number of successive petitions which may be brought. *See generally* 28 U.S.C. § 2255.

There is a narrow exception wherein an inmate may bring a § 2241 petition. Section 2255 provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C § 2255 (emphasis added). This underlined statutory language is often referred to as § 2255's "savings clause."

Just as in a § 2255 proceeding, a D.C. offender may not complain that the remedies available to him pursuant to D.C. Code § 23-110 are inadequate or ineffective simply because he was unsuccessful when he invoked them. "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Garris, 794 F.2d at 727; David v. Briggs, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991).

The petitioner has made no showing that the proper remedy available to D.C. offenders, filing pursuant to D.C. Code 23-110 in the D.C. Superior Court, would have been either inadequate or ineffective to test the legality of his detention. The petitioner has set forth no facts from which this court could conclude that extraordinary circumstances exist in his case which would justify permitting him to proceed in this jurisdiction under § 2241. As a result, the petition should be dismissed.

### III.    RECOMMENDATION

On the basis of the foregoing, it is recommended that the Petition for Habeas Corpus (Doc. No. 1) be **DISMISSED.**


s/ Malachy E. Mannion
MALACHY E. MANNION
United States Magistrate Judge

Dated: June 17, 2005

O:\shared\REPORTS\2004 Reports\04-1753.wpd