```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

BERNARD COLEMAN,                    :
                                    :
       Petitioner,              :CIVIL ACTION NO. 3:04-CV-1753
                                    :
       v.                        :(JUDGE CONABOY)
                                    :(Magistrate Judge Mannion)
JOSEPH SMITH,                       :
                                    :
       Respondent.              :
                                    :
_____

## MEMORANDUM AND ORDER

Here we consider Magistrate Judge Malachy E. Mannion's Report and Recommendation, (Doc. 14), in which he recommends dismissal of Petitioner Bernard Coleman's habeas corpus petition filed pursuant to 28 U.S.C. § 2241, (Doc. 1).  Petitioner filed this action *pro se* on August 10, 2004, stating that the petition concerns: "Denial of Motion to Recall Mandate brought timely under D.C. Appellate Rule 41 (c) of Procedure, without ruling on the merits of the unresolved Federal Constitution and Statutory Claims."[1]  (Doc. 1 at 2.)

Petitioner filed objections to the Magistrate Judge's Report and Recommendation, (Doc. 15), and Respondent filed a brief in response to Petitioner's objections, (Doc. 16).  When a Petitioner files objections to a magistrate judge's Report and Recommendation,

---

[1] The Magistrate Judge characterized Petitioner's action differently, stating "[t]he petition challenges the sentence imposed by the District of Columbia Superior Court."  (Doc. 14 at 1.)  The difference in characterization is not dispositive but is indicative of the confusing filings submitted by Petitioner which will be discussed in the text.

1

the district judge makes a *de novo* review of those portions of the report or specified proposed findings or recommendations to which objection is made. *See Cippolone v. Liggett Group, Inc.*, 822 F.2d 335, 340 (3d Cir.), *cert. denied*, 484 U.S. 976 (1987).

Ordinarily, we would review each issue raised in a petitioner's objections *de novo*. However, as will be discussed more fully below, in this case the manner in which Petitioner has presented his objections is not conducive to such review. Therefore, we will discuss Petitioner's filing in opposition to the Magistrate Judge's Report and Recommendation, (Doc. 15), in more general terms.

For the reasons discussed below, we will adopt the Magistrate Judge's Report and Recommendation, (Doc. 14), in part. However, we will not dismiss Petitioner's habeas action, (Doc. 1), and will instead require further briefing as set forth below.

### **I. Background**

The factual background of this case is derived from the District of Columbia ("D.C.") Court of Appeals Memorandum and Order dated April 23, 2003. (Doc. 12 Ex. 1.)

> On June 29, 1997, seven-year-old Dennis
> Ashton, Jr., was shot to death, while riding
> in a car driven by Dennis Ashton, Sr.
> Appellant pled guilty to manslaughter while
> armed and carrying a pistol without a license
> for the killing of Ashton, Jr., admitting
> that he drove the car while Charles Fantroy
> shot several times into Ashton, Sr.'s car.
> Appellant was sentenced to fifteen years to
> life for the charge of manslaughter while

2

> armed and twenty months to five years for
> carrying a pistol without a license.

(Doc. 12 Ex. 1.)

Petitioner's sentence was imposed on April 9, 1999.  (Doc. 1 at 3 ¶ 4.)  The record does not reveal that Petitioner filed a direct appeal.

Petitioner filed a motion to vacate his sentence pursuant to D.C. Code § 23-110 claiming that the sentence was illegal.  (*Id.*)  The motion to vacate was denied and appellant filed a timely appeal in the D.C. Court of Appeals, filed at No. 02-CO-727. (*Id.* ¶ 7.)

The D.C. Court of Appeals denied the Motion by unpublished Memorandum Opinion and Judgment of April 23, 2003.  (Doc. 12 Ex. 1.)  In its opinion, the court reviewed the merits of the following contentions: 1) the trial court erred by imposing a maximum penalty of life for his manslaughter conviction because under D.C. Code § 22-2105 the maximum penalty is thirty years; 2) his minimum sentence of fifteen years was in excess of one-third of the maximum sentence required by D.C. Code § 24-403; 3) Petitioner's Commitment Order did not give him proper credit for time served; and 4) enhancing his sentence without the factual findings of the jury violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  (*Id.*)  The Court of Appeals discussed these claims and found them to be without merit.  (*Id.*)  The court also noted that other arguments raised in Petitioner's brief were not raised in the trial court and, therefore, the court would not address them.  (*Id.* n.1.)

Petitioner filed a "Motion to Recall of Mandate No. 02-CO-727," (*see* Doc. 1 at 47; Doc. 13 at 11), asserting that he identified eight (A through H) grounds for recall of the Appellate Court's Mandate entered on May 30, 2003, (Doc. 13 at 11-16).[2] Petitioner reports this *pro se* Motion to Recall Mandate was timely filed and was denied by the Panel of the D.C. Court of Appeals on April 21, 2004, without addressing the merits of his claims.  (Doc. 1 at 47; Doc. 13 Ex. 1.)

Petitioner also asserts that he filed a *pro se* Petition for Writ of Certiorari, filed at No. 03-7247, in the United States Supreme Court raising similar, though not identical, grounds. (Doc. 13 at 9-11.)  Research reveals that Petitioner filed the petition on October 10, 2003, the United States waived the right to respond on November 7, 2003, and the Petition was denied on December 1, 2003, *Coleman v. United States*, 540 U.S. 1068 (2003). (*See* Docket for No. 03-7247.)

## II. Discussion

As both the Respondent and Magistrate Judge have noted, the petition under consideration is extremely difficult to decipher. (Doc. 14 at 4; Doc. 16 at 2 n.1.)  The Magistrate Judge described it as "a 57-page largely incomprehensible, amalgam of string-

---

[2] In his various filings, Petitioner's references to the appeal of his motion to vacate filed pursuant to § 23-110, the D.C. Appeals Court's denial of the motion and the "Motion to Recall of Mandate No. 02-CO-727" are not always clearly distinguished.

4

citations, interwoven with what the court interprets as autobiographical material pertaining to the underlying criminal proceeding." (Doc. 14 at 4.) Respondent agreed with this characterization and added that Petitioner's objections to the Magistrate Judge's Report and Recommendation "are equally difficult to understand." (Doc. 16 at 2.)

We agree with these assessments of Petitioner's filings. Despite Petitioner's frequent reference to *Haines v. Kerner*, 414 U.S. 519 (1972), and the liberal standard we are to apply to a *pro se* petitioner's pleadings, "there must be a limit to the indulgence of the law and the resultant imposition on the defendants in these suits." *Dattola v. National Treasury Employees Union*, 86 F.R.D. 496, 499 (W.D. Pa. 1980) (citations omitted); *see also Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977). This is a case where Petitioner's pleading is either very close to or over the acceptable limit. However, because both the Magistrate Judge and Respondent attempted to make some sense of this habeas petition and related filings, we will do the same.

The Magistrate Judge determined that Petitioner's claims include ineffective assistance of plea and appellate counsel, due process and equal protection challenges, and that his sentence is illegal because two District of Columbia Code sections were joined. (Doc. 14 at 4.) He concluded that the unique status of a convicted District of Columbia litigant in Federal Custody means that § 2241

is not available to Petitioner unless he can show that D.C. Code § 23-110 is "inadequate or ineffective" to test the legality of his detention.  (*Id.* at 5-8.)  Finally, the Magistrate Judge recommended dismissal of the action because Petitioner has made no showing that a filing pursuant to D.C. Code § 23-110 in the D.C. Superior Court would have been either inadequate or ineffective to test the legality of his detention.

In his objections, Petitioner consistently argues that the Magistrate Judge erred in considering his petition one which concerns the imposition of his sentence in the D.C. Superior Court. (Doc. 15 *passim.*)  Rather, he asserts his action complains of the failure of the District of Columbia Court of Appeals to properly consider his claims.  (*Id.*)  Because Petitioner's claims before the D.C. Court of Appeals relate to his conviction and sentence in the D.C. Superior Court, the Magistrate Judge's description is not inaccurate.

We adopt the Magistrate Judge's Report concerning the relationship between D.C. Code § 23-110 and 28 U.S.C. § 2241 as well as his finding that Petitioner has not shown D.C. Code § 23-110 to be inadequate or ineffective to test the legality of his detention.

However, we disagree with the Magistrate Judge that the instant action should be dismissed.  This is so because we conclude that one claim Petitioner raises may be properly considered in a §

6

2241 petition. The only potentially viable claim is Petitioner's assertion that the Bureau of Prisons ("BOP") has refused to give him credit for the Educational Good Time Credit he has earned.[3] Before discussing this issue further, we will briefly review applicable law and address just a few of Petitioner's numerous and repetitive specific objections.

### *A. Inadequate or Ineffective Inquiry Regarding D.C. Code § 23-110*

A § 2241 petition is only available to attack the validity of a conviction or sentence in the very limited situation where a federal criminal defendant's collateral remedy is inadequate or ineffective. Generally, the collateral remedy available to a federal prisoner is 28 U.S.C. § 2255. However, the collateral remedy available to an inmate in custody in a federal prison but sentenced in the District of Columbia Superior Court is a motion filed in the D.C. Superior Court pursuant to D.C. Code § 23-110. *See, e.g., Perkins v. Henderson*, 881 F. Supp. 55, 56-58 (D.D.C. 1995). Section 23-110 is the functional equivalent of § 2255. *Id.* at 58. Like § 2255, § 23-110 is available to attack the imposition of a sentence, but not its execution. *Id.* Similarly, the restriction that habeas under § 2241 is only applicable if a § 2255 motion is inadequate or ineffective applies to § 23-110 motions.

---

[3] We note, and will discuss later in the text, that this is not an "inadequate or ineffective" consideration. Rather, because a sentence computation issue is appropriately raised in a § 2241 petition in the first instance, the "inadequate or ineffective" analysis does not come into play with this claim.

7

*Id.* at 59.  The determination of whether the remedy available is inadequate or ineffective hinges on the same considerations enabling federal prisoners to seek habeas review pursuant to § 2255.  *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

In ruling on the inadequate or ineffective issue, the appellate courts have instructed that a collateral relief motion is inadequate or ineffective only where it is established that some limitation of scope or procedure would prevent the collateral remedy, in this case § 23-110, from affording a prisoner a full hearing and adjudication of his claim of wrongful detention.  *See, e.g.*, *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).  It is the burden of the petitioner to demonstrate inadequacy or ineffectiveness.  *See, e.g., Cagle v. Ciccone*, 368 G.2d 183, 184 (8th Cir. 1966).

Furthermore, prior unsuccessful collateral relief motions filed in the sentencing court have been held to be insufficient in and of themselves to show that the remedy is inadequate and ineffective.  *Tripati v. Herman*, 843 F.2d 1169, 1172 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988).  "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative."  *Garris*, 794 F.2d at 727.  The Third Circuit Court of Appeals has held that, as to issues cognizable by the sentencing court under § 2255, a § 2255 "supersedes habeas corpus and provides

the exclusive remedy." *Strollo v. Aldredge*, 462 F.2d 1194, 1195 (3d Cir.) (per curiam), *cert. denied*, 409 U.S. 1046 (1972).

*Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997), and *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), also addressed what might make a § 2255 inadequate or ineffective.  These cases set a high bar for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a claim under § 2241 - the conduct for which the petitioners were convicted was no longer criminal.  *Triestman,* 124 F.3d at 366; *Dorsainvil*, 119 F.3d at 251.

Unlike *Triestman* and *Dorsainvil*, here Petitioner does not claim that the conduct for which he was convicted is no longer criminal.  Although Petitioner makes a conclusory claim of actual innocence, (*see, e.g.*, Doc. 13 at 11), he does not assert that he did not drive the car while Charles Fantroy shot several times into Ashton, Sr.'s car or that he was unarmed at the time.

In broad terms, Petitioner's objects to the Magistrate Judge's recommendation that the case be dismissed because the claims are not properly raised in a § 2241 habeas petition.  More specifically, he regularly asserts that the D.C. Superior Court cannot review errors claimed in the D.C. Appellate Court proceedings and, therefore, § 23-110 is inadequate or ineffective to raise his claims.

Petitioner's objections and his petition in general show that

9

he misunderstands the legal meaning of "inadequate or ineffective." As discussed in detail above, the question is not whether the § 23-110 is *now* "inadequate or ineffective" to raise the claims currently asserted as those terms are used in ordinary language or whether he was not afforded the relief sought when he originally pursued his § 23-110 motion in the District of Columbia courts. Rather, the question is whether a § 23-110 motion *would have been* the vehicle in which to raise his underlying claims and *could have* dealt with the issues raised. An assertion that claims were wrongly considered or decided does not make a § 23-110 motion "inadequate or ineffective." Thus, Petitioner's belief that the D.C. Court of Appeals wrongly decided his appeal of the Superior Court's § 23-110 denial and his Motion to Recall Mandate provides him no basis to seek relief through a § 2241 petition.

Petitioner also frequently cites *Streater v. United States*, 429 A.2d 173 (D.C. 1980), for the proposition that a trial court cannot review appellate court proceedings and, therefore, his claims are properly brought in a § 2241 petition. (*See, e.g.*, Doc. 15 at 6, 9.) The specific issue in *Streater* was whether the petitioner's claim of ineffective assistance of counsel *at the appellate level* could be considered in a § 23-110 motion. *Streater*, 429 A.2d at 174.

Here Petitioner proceeded *pro se* on his appeal of the trial court's denial of his § 23-110 motion. (*See, e.g.*, Doc. 13 at 6,

18.)  Upon review of all of Petitioner's filings, we can find no claim of ineffective assistance of counsel at the appellate level.[4] Moreover, while it is true *Streater* held that § 23-110 "provides no basis upon which the trial court may review appellate proceedings," 429 A.2d at 174, it does not follow that Petitioner's claims relating to conviction and sentencing errors are properly before this Court in a § 2241 motion.  As explained above, regarding Petitioner's underlying claims, all but his sentence calculation claims *could have been* brought before the trial court in a § 23-110 motion.  As also explained, his claimed basis for this petition - error on the part of the D.C. Appeals Court in considering his § 23-110 appeal - is not reviewable by this Court in a § 2241 petition because the claimed error does not render § 23-110 "inadequate or ineffective."

Petitioner's citation to an Order issued by Magistrate Judge Andrew M. Smyser on July 14, 2004, does not provide a basis to conclude otherwise.  (*See* Doc. 15 at 14.)  In the Order, the Magistrate Judge concluded there was a question "whether § 23-110 is inadequate or ineffective with regard to the petitioner's claims that his appellate counsel was ineffective," and appointed counsel

---

[4] This finding differs from the Magistrate Judge's conclusion that Petitioner raised ineffective assistance claims of plea and appellate counsel. (*See* Doc. 14 at 4.)  However, for the reasons discussed in the text, Petitioner could not prevail on his ineffective assistance claim even if he complained of appellate level counsel.

to brief this issue on the petitioner's behalf. *Shannon v. Smith*, Civ. A. No. 4:04-CV-1051, at 7-8 (M.D. Pa. July 14, 2004). On June 9, 2005, Magistrate Judge Smyser issued a Report and Recommendation in which he recommends the petitioner's § 2241 petition be dismissed because the petitioner had an available remedy in the District of Columbia courts - a motion to recall the mandate of the District of Columbia Court of Appeals - to pursue his appellate ineffective assistance of counsel claim. *Shannon v. Smith*, Civ. A. No. 4:04-CV-1051 (M.D. Pa. June 9, 2005). As support for his conclusion, the Magistrate Judge quoted the following from the United States Court of Appeals for the District of Columbia:

> "Before bringing his claim in district court, appellant properly pursued a motion to recall [the] mandate, which is an appropriate collateral procedure for pressing an ineffective assistance of appellate counsel claim, in the District of Columbia Court of Appeals. *See Streater v. Jackson*, 691 F.2d 1026, 1028 (D.C. Cir. 1982). Appellant has not, however, demonstrated that his local remedy was inadequate or ineffective. *See Garris v. Lindsay*, 794 F.2d 722 (D.C. Cir. 1986) (per curiam). Failure to prevail in that court does not render his local remedies inadequate or ineffective. *See id.* at 727. Therefore, he has not made a showing of a denial of a substantial constitutional right."

*Id.* at 20 (quoting *Collier v. United States*, No. 99-5120, 1999 WL 1336229, at *1 (D.C. Cir. Dec. 15, 1999)).

Rather than supporting Petitioner's position, *Collier* and *Shannon* support our conclusion that failure to prevail on an appeal

12

of a § 23-110 motion to the D.C. Court of Appeals and a motion to recall the mandate does not render § 23-110 inadequate or ineffective.

We also conclude that Petitioner's *Apprendi* claim and related objection, (*see* Doc. 15 at 11), cannot form the basis for a "showing of a denial of a substantial constitutional right." *Collier*, No. 99-5120, at *1.  The Third Circuit Court of Appeals recently noted:

> The courts of appeals have unanimously held that while *Apprendi* set forth a new rule of criminal procedure, that rule is not retroactively applicable to cases on collateral review where the judgments had already become final when *Apprendi* was decided.  We so held in United States v. Swinton, 333 F.3d 481 (3d Cir. 2003).

*United States v. Lloyd*, 407 F.3d 608, 613 n.3 (3d Cir. 2005). Here, Petitioner's judgment became final before *Apprendi* was decided.  *See Apprendi v. New Jersey*, 530 U.S. (2000).  Petitioner was sentenced on April 9, 1999, (Doc. 1 at 3 ¶ 4), and he did not take a direct appeal.  Thus, his judgment became final before *Apprendi* was decided on June 26, 2000.

Since Petitioner has not established that his available remedy - D.C. Code § 23-110 (and related motions) - is inadequate or ineffective, his claims attacking the validity of his conviction and sentence cannot be presented in a § 2241 petition.

**B.   *Sentence Calculation Claims***

Turning now to Petitioner's objections relating to the

13

calculation of his sentence, (*see, e.g.*, Doc. 15 at 13), we agree that sentence calculation claims are properly the subject of a § 2241 petition.  "[C]laims challenging the computation of a sentence [] may not be raised under § 23-110.  Because such contentions concern the executive department's execution of sentence, not the trial court's imposition of sentence, they must be raised in a habeas corpus petition . . . ."  *Alston v. United States*, 590 A.2d 511, 514 (D.C. 1991).  *See also Goodman v. Hurst*, 47 F.3d 1168 (6th Cir. 1995) (unpublished table decision); *Miller v. Clark*, 958 F.2d 368 (4th Cir. 1992) (unpublished table decision).

We conclude that, on the record before us, we cannot say Petitioner's good time educational credit sentence calculation claim is not properly before the Court.  This type of claim is a matter not reserved for consideration in D.C. Code § 23-110 and has been recognized as a proper subject for federal habeas consideration.  *See id.*  Because Respondent has not discussed the merits of this claim, further development of the record is required.

However, we are able to determine on the record before us that Petitioner's other sentence calculation claims are not cognizable in a § 2241 petition.  First, it appears that his original claim that he had been denied credit for time served has been rectified.  (*See* Doc. 15 at 10, 13.)   Although Petitioner continues to complain of the timing of the recalculation, (Doc. 15 at 10), this

14

is not a matter for the Court to consider.  Second, his claim that the BOP incorrectly calculated his parole eligibility and full-term expiration date is not cognizable as a sentence calculation claim. These calculations are based on the sentence imposed by the D.C. Superior Court, raised in Petitioner's D.C. Code § 23-110 motion to vacate his sentence, and reviewed and found appropriate in the D.C. Court of Appeals Memorandum Opinion and Judgment of April 23, 2003, which addressed the appeal of the Superior Court's denial of his § 23-110 motion.  (*See* Doc. 12 Ex. 1.)  Thus, the BOP's sentence calculation merely takes into account the sentence imposed - it is not within the BOP's power to do otherwise.  It follows that Petitioner's claim regarding his maximum and minimum terms is a sentencing rather than calculation issue and is not cognizable in a § 2241 petition.

### **III. Conclusion**

For the reasons discussed above, we adopt the Magistrate Judge's Report and Recommendation in part.  We conclude that the instant petition is subject to dismissal on all but one issue raised - the proper calculation of educational good time credits. This issue requires further briefing as set out in the attached Order.  An appropriate Order follows.

> S/Richard P. Conaboy
> RICHARD P. CONABOY
> United States District Judge

DATED: July 27, 2005

15

```
                    UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BERNARD COLEMAN,                    :
                                    :
         Petitioner,                :CIVIL ACTION NO. 3:04-CV-1753
                                    :
         v.                         :(JUDGE CONABOY)
                                    :(Magistrate Judge Mannion)
JOSEPH SMITH,                       :
                                    :
         Respondent.                :
                                    :
```
___

### **ORDER**

AND NOW, THIS 27th DAY OF JULY 2005, FOR THE REASONS SET FORTH IN THE ACCOMPANYING MEMORANDUM, THE FOLLOWING ORDER IS ENTERED:

1. We ADOPT IN PART the Magistrate Judge's Report and Recommendation, (Doc. 14);

2. This matter is remanded to the Magistrate Judge for further consideration of the sole remaining issue in this case concerning educational good time credits;

3. On or before August 10, 2005, Respondent is required to file a supplemental brief addressing the educational good time credit issue;

4. Petitioner may file a supplemental reply brief addressing only the good time credit issue within ten days of service of Respondent's supplemental brief;

5. The Clerk of Court is directed to mark the docket.

```
                              S/Richard P. Conaboy
                              RICHARD P. CONABOY
                              United States District Judge
```